## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| **LOUISE JAMES,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| v. | * | Civil No. SAG-25-2666 |
| | * | |
| **THE JOHNS HOPKINS HOSPITAL, INC.,** | * | |
| *et al.,* | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Louise James, who is self-represented, filed this lawsuit in this Court against The Johns Hopkins Hospital, Inc. ("JHH") and Thomas Crawford, M.D. (collectively "Defendants"). ECF 1. Defendants filed a motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction. ECF 10. Despite having been notified of the motion and the potential consequences of failure to respond, Plaintiff has not filed a response, and the time has now expired to do so. This Court has reviewed the briefing, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated herein, Defendants' motion to dismiss will be GRANTED.

### I. FACTUAL BACKGROUND

The following facts are derived from Plaintiff's Complaint. ECF 1. Plaintiff's infant great-grandson is hospitalized at JHH with a serious illness. *Id.* at 6. His physician, Dr. Crawford, will not let Plaintiff visit, attend meetings, or ask questions because she is not the parent of the patient and she asks too many questions. *Id.*

### II.    LEGAL STANDARDS

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs.*

*Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). Here, Defendants cite a lack of subject matter jurisdiction, citing Federal Rule of Civil Procedure 12(b)(1). *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004). Under that rule, the plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction. *See Demetres v. E. W. Constr., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *see also Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). Thus, the court may properly grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005) (citing *Crosten v. Kamauf*, 932 F. Supp. 676, 679 (D. Md. 1996)).

Because Plaintiff is self-represented, her pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, Civ. No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1997) (Luttig, J., concurring in judgment); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a self-represented plaintiff. *Beaudett v.*

*City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also M.D. v. Sch. Bd. of Richmond*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

### III.    ANALYSIS

Federal courts are courts of limited jurisdiction. Ordinarily a plaintiff must establish either diversity jurisdiction or federal question jurisdiction to permit this Court to hear the case. Plaintiff has not specified, in her complaint, the legal basis for this Court's exercise of jurisdiction. *See* ECF 1 at 4 (failing to check either "federal question" or "diversity of citizenship" and, when asked for specific federal statutes or constitutional provisions at issue, stating "I have been denied my rights to visit my great-grandson who is in the institution.").

Diversity jurisdiction allows federal courts to exercise original jurisdiction over civil actions between "citizens of different States" "where the matter in controversy exceeds . . . $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity, which "means that no plaintiff may share a citizenship with any defendant." *Navy Fed. Credit Union v. LTD Fin. Servs., LP*, 972 F.3d 344, 352 (4th Cir. 2020). Here, Plaintiff has specifically alleged that she and both Defendants are residents of Maryland. ECF 1 at 2, 3. And Plaintiff has not sought any amount of monetary relief. Thus, diversity is lacking.

Federal question jurisdiction exists where at least one of a plaintiff's claims is brought pursuant to the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff's Complaint does not identify any federal statutes or constitutional provisions, and she has not alleged facts to plausibly state an evident federal claim. Accordingly, even assuming that Plaintiff's allegations that she has been denied the opportunity to visit her great-grandson are true,

Plaintiff has not met her burden of proving the existence of subject matter jurisdiction in this federal Court, and her case must be dismissed.

**IV.    CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss, ECF 10, is granted and Plaintiff's claims are dismissed without prejudice. This case will be closed. A separate Order follows.

Dated: November 20, 2025                                           _____/s/_____

                                                                                Stephanie A. Gallagher
                                                                                United States District Judge